UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAYNE GROSS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:16-CV-39 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM**

Before the Court is the motion of Wayne Gross to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. In his motion to vacate, movant seeks a reduction of his sentence based on the decision of the United States Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

In *Johnson*, the Court held the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another."* 18 U.S.C. § 924(e)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

In the instant case, movant was convicted of possession with intent to distribute cocaine base, being an unlawful user of drugs while in possession of firearms, and carrying a firearm during and in relation to a drug trafficking crime. He was sentenced as an armed career criminal under § 924(e)(1), which provides for a mandatory minimum sentence of imprisonment of fifteen years.

Movant was found to be an armed career criminal based on his three prior felony convictions for possession with intent to distribute cocaine and cocaine base. In *Johnson*, the Supreme Court left intact the ACCA's enhanced penalty where the defendant's predicate offenses involved the distribution of or the possession with intent to distribute a controlled substance. Because movant's status as an armed career criminal was not predicated on a prior conviction for a crime of violence, the residual clause of § 924(e)(2)(B)(ii) is not implicated and he is not entitled to relief under *Johnson*.

For the reasons discussed above, the court concludes that motion and the files and records of this case conclusively show that movant is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion to vacate. Therefore, the motion will be denied without a hearing. See <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that movant has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. ᴄ 2253.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of May, 2016.